Chief Judge Wachtler
(concurring). In reversing the defendant’s conviction, the majority holds that in a prosecution under Vehicle and Traffic Law § 1192 (2) the results of a breathalyzer test taken pursuant to Vehicle and Traffic Law § 1194 (1) may be attacked as not accurately reflecting the defendant’s blood alcohol content at the time of his operation of a vehicle. In so doing, it ignores the clear language of the subdivision, which provides: "No person shall operate a motor vehicle while he has .10 of one per centum or more by weight of alcohol in his blood as shown by chemical analysis of his blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this chapter.”
Section 1194 (1), in turn, provides for the administration of the breathalyzer test up to two hours after an arrest upon probable cause.
Thus, the gravamen of a violation of Vehicle and Traffic Law § 1192 (2) is not that a defendant operates a vehicle with .10% or higher blood alcohol content, but that he is found to have done so under the procedures prescribed by section 1194.
Although I concur in the ultimate result reached on the ground stated in part III of the majority opinion, I believe that in cases where the breathalyzer results are properly admitted, are believed by the jury, and establish a blood alcohol level of .10% or above, the statutory elements of the crime have been made out and the defendant’s criminal responsibility conclusively established. The court having now construed the statute to permit the defendant to rebut what I believe was intended under such circumstances to be absolute liability, the Legislature should now redraft Vehicle and Traffic Law § 1192 (2) to make clear its contrary intent. If it does not, each drunk driving prosecution will be hampered by attempts to prove, as was done in this case through expert and other testimony, that the defendant’s blood alcohol content rose between the time he operated his vehicle and the time he was subjected to the breathalyzer test.
Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur with Judge Meyer; Chief Judge Wachtler concurs in result in a separate concurring opinion.
*150 Order reversed, etc.